FILED

2012 Oct-05  AM 08:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## (NORTHEASTERN DIVISION)

| | | |
|---|---|---|
| **DAVID ROGERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action Number** |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.;** | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC; CBC INNOVIS, INC.** | ) | |
| **AND TRANS UNION,  LLC** | ) | _____ |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the plaintiff, David Rogers, by and through his undersigned

counsel, and with knowledge as to his own acts, upon information and belief and

investigation of counsel as to the acts of others, believing such allegations have

evidentiary support after a reasonable opportunity for further investigation or

discovery alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for an actual, statutory and punitive damages, costs and

attorneys' fees pursuant to 15 U.S.C. §1681, *et seq.* ("Fair Credit Reporting Act"

or "FCRA") against four consumer reporting agencies, Experian Information

Solutions, Inc. ("Experian"); Equifax Information Services, LLC ("Equifax");

CBC Innovis, Inc. ("Innovis"); and Trans Union, LLC ("Trans Union").

2.      Congress, when it enacted the FCRA in 1970, mandated the existence and

use of reasonable procedures to assure the maximum accuracy of the personal and

financial information compiled concerning consumers and sold to users by

consumer reporting agencies ("CRAs").

3.      On December 3, 2004, President George W. Bush signed into law the Fair

and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft
> and continued access to the most dynamic credit markets in the world. With
> a free credit report and powerful new tools to fight fraud, consumers have
> the ability to better protect themselves and their families.[1]

4.      In addition to accounts reported due to identity theft, mixed files are a

serious problem in the credit reporting industry.   Mixed files occur when

information relating to one consumer is placed in the file of another consumer.

5.      Mixed files create a false description of a consumer's credit history.

Further, mixed files result in the disclosure of a consumer's personal information

when the consumer did not apply for credit, employment, housing or insurance.

---

[1]   http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html   as   of
June 24, 2012.

6.     Mixed files also result in the debt collection harassment of innocent consumers because debt collectors use CRA databases to "skip trace" debtors and locate the alleged debtor's address and telephone number.

7.     Mixed files are not a new phenomenon.  CRAs have known about mixed files for at least forty (40) years.  See Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982).

8.     Mixed files occur despite consumer's unique personal identifying information, such as Social Security numbers.  CRAs' matching logic allows information to be included in a consumer's file even when the Social Security Numbers do not match nine out of nine digits.

9.     For example, CRAs have been known to mix files when the consumer's names are similar, but the Social Security numbers match seven out of nine digits. See Apodaca v. Discover Fin. Servs., 417 F.Supp. 2d 1220 (D.N.M. 2006).

10.    In the mid-1990's, the Federal Trade Commission ("FTC") and various state attorney generals' offices, including Alabama, Arkansas, California, Connecticut, Delaware, Florida, Idaho, Illinois, Louisiana, Michigan, Minnesota, Missouri, Nevada, New Hampshire, New Mexico, New York, Ohio, Pennsylvania, Rhode Island, Texas, Utah and Washington charged the nationwide consumer reporting agencies with violations of the FCRA.  The government enforcement actions required the CRAs to improve their procedures and prevent mixed files.  See FTC

v. TRW, Inc., 784 F.Supp. 361 (N.D. Tex. 1991)(amended by N.D. Tex. Jan. 14, 1993)(agreed order amending consent order)[2]; TRW, Inc. v. Morales, CV-3-91-1340-H (N.D. Tex. Dec. 10, 1991); In re Equifax Credit Information Services, Inc., (June 22, 1992); In the Matter of Equifax Credit Information Services, Inc., 12 F.T.C. 577 (Aug. 14, 1995); In the Matter of Equifax Credit Information Services, Inc., 61 Fed. Reg. 15484 (Apr. 8, 1996); and Alabama v. Trans Union, Corp., CV-92C 7101 (N.D. Ill. Oct. 26, 1992).

11.    In 2007, Angela Williams sued Equifax in Florida and alleged the CRA mixed her file with another consumer with a similar name.  The case did not settle and was presented to a jury.  The jury found in favor of Angela Williams and entered a verdict against Equifax for over $2.9 million, including $219,000 in actual damages and $2.7 million in punitive damages.

12.    Over the last five (5) years, Experian's national counsel, Jones Day, represented Experian in over one-hundred and forty-six (146) lawsuits where a claim was made that Experian mixed the file of the plaintiff with another consumer.

13.    Despite federal law, Congressional mandates, federal and state government enforcement actions, and hundreds of consumer lawsuits, mixed files remain a significant problem for consumers, including Mr. Rogers.

---

[2] Experian is formerly known as TRW.

14.    The sale of American's most private and sensitive personal and financial

information is a multi-billion dollar industry for the CRAs.

15.    On March 31, 2012, Experian's parent corporation, Experian plc, reported

$4.5 billion in revenue.[3]

16.    In 2011, Equifax reported earnings of $2 billion and a net profit of over $220

million.[4]

17.    Trans Union reported over $1 billion in revenue and net income of $48.8

million in 2011.[5]

18.    The instant lawsuit seeks compensatory, statutory and punitive damages,

costs of suit and attorneys' fees for Mr. Rogers, resulting from the CRA

Defendants' failure to comply with the FCRA.

## JURISDICTION & VENUE

19.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15

U.S.C. §1681p.

20.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

21.    Plaintiff is an adult citizen of the State of Alabama and resides within this

judicial district.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

---

[3] http://www.experianplc.com/investor-centre.aspx  as of June 24, 2012.
[4] http://news.equifax.com/index.php?s=18010&item=121322 as of June 24, 2012.
[5] http://www.transunion.com/docs/rev/aboutTransunion/investor-relations/Fiscal_2011_10-K.pdf as of June 24, 2012.

22.    Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in the state of California.   Experian does business in this judicial district.   Experian Services Chile SA is Experian's sister company and is located in Santiago, Chile.   Experian Services Chile SA processes written consumer disputes made to Experian.   At all times relevant hereto, Experian Services Chile SA acted as an agent for Experian. Experian is a CRA as defined by 15 U.S.C. 1681a(f).

23.    Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia.   Equifax does business in this judicial district.     Equifax outsources consumer disputes to vendor companies in the Philippines and India.   At all times relevant hereto, Equifax's vendors acted as agents for Equifax.   Equifax is a CRA as defined by 15 U.S.C. 1681a(f).

24.    Trans Union, LLC ("Trans Union") is a Delaware corporation with its principal place of business in the state of Illinois.   Trans Union does business in this judicial district.   Trans Union outsources consumer disputes to vendors in India.  At all times relevant hereto, Trans Union's vendor acted as its agent.  Trans Union is a CRA as defined by 15 U.S.C. 1681a(f).

25.    CBC Innovis, Inc. ("Innovis"), is a foreign corporation with its principal place of business, upon information and belief, in the state of Ohio.  Innovis does

business in this judicial district.   Innovis is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

26.   Experian, Equifax, Innovis and Trans Union are referred to collectively throughout the Complaint as the "CRA Defendants."

27.   The CRA Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

28.   The CRA Defendants disburse consumer reports to third parties of contract for monetary compensation.

29.   Specifically, the CRA Defendants sell "consumer reports" concerning individuals who apply for credit, including retail credit and mortgage, employment, housing and insurance.

## FACTUAL ALLEGATIONS

30.   The CRA Defendants reported inaccurate information (hereinafter referred to as "information") concerning Plaintiff and Plaintiff's credit worthiness to third parties.   Specifically, the CRA Defendants reported information that did not belong to the plaintiff.

31.   The information includes, but is not limited to Plaintiff's personal identifying information (such as names, addresses, dates of birth and Social Security numbers).   Further, the information includes, but is not limited to Plaintiff's credit

worthiness (such as account ownership, payment history, balance and account status).    Also, the information includes, but is not limited to disclosures of Plaintiff's file to persons requesting the file of a different consumer (i.e. inquiries). Finally, the information includes, but is not limited to, public records, such as bankruptcy filings and civil judgments.

32.    Defendants inaccurately mixed Mr. Rogers' identity with another person.

33.    The CRA Defendants allowed and/or used loose match criteria to determine whether to include information pertaining to a person with a different Social Security number living at a different address within Mr. Rogers' consumer report.

34.    Based on the CRAs' credit score models, the information contained in Mr. Rogers' file negatively affects his credit score.  In other words, incorrect consumer reports prepared by the CRA Defendants decreased Mr. Rogers' credit score and increased the perceived risk to his creditors and insurers, potential and existing. Upon information and belief, using the credit scoring model VantageScore, which is utilized by Experian, Equifax and Trans Union, the plaintiff's credit score is lower when the incorrect information is considered when calculating the plaintiff's credit score.

35.    More generally, the information reflects negatively on Plaintiff, his financial responsibility as a debtor, his credit worthiness and inaccurately depicts Plaintiff.

36.    The CRA Defendants have reported inaccurate information through the issuance of false and inaccurate credit information and consumer reports that the CRA Defendants disseminated to persons, as that term is contemplated by 15 U.S.C. §1681a(b).

37.    Plaintiff disputed inaccurate information to the CRA Defendants.

38.    The CRA Defendants did not request additional information from the plaintiff.

39.    The CRA Defendants did not contact third parties that would have relevant information concerning the disputed information.

40.    The CRA Defendants did not forward relevant information concerning Plaintiff's dispute, including but not limited to corroborating documents supplied by Mr. Rogers, to the person or persons supplying the incorrect information.

41.    More specifically, other than an Automated Consumer Dispute Verification ("ACDV"), the CRA Defendants did not provide users, including data furnishers such as creditors or debt collectors, with personal identifying documents supplied by Mr. Rogers in support of his disputes.

42.    The CRA Defendants failed to perform reasonable investigations of Mr. Rogers' disputes.

43.    The CRA Defendants failed to remove inaccurate information from Mr. Rogers' file.

44.    As of today's date, the CRA Defendants continue to report incorrect information concerning the plaintiff.

45.    At all times relevant hereto, the defendants were acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the defendants.

46.    The defendants' unlawful conduct proximately caused Plaintiff's actual damages, including but not limited to: harm to credit reputation; credit denials; unfavorable credit terms; emotional distress and mental anguish; out-of-pocket expenses; and time.

## COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT

47.    Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

48.    CRA Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681i, pursuant to 15 U.S.C. §§1681n and o.

49.    CRA Defendants violated 15 U.S.C. 1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant information to the furnisher of the inaccurate information; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's

credit file; and by relying upon verification from a source the CRA Defendants have reason to know is unreliable.

50.     The CRA Defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

51.     CRA Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

52.     Wherefore, Plaintiff seeks judgment in his favor against CRA Defendants, based on the following relief requested:

        (a)     Actual damages;

        (b)     Statutory damages;

        (c)     Punitive Damages;

        (d)     Costs and reasonable attorneys' fees; and

        (e)     Such other and further relief as may be necessary, just and proper.

**COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

53.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

54.     CRA Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681e, pursuant to 15 U.S.C. §§1681n and o.

55.    Said defendants violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable procedures to assure the maximum accuracy in the preparation of the credit report and credit files they published and maintained concerning Plaintiff.

56.    CRA Defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

57.    Said defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

58.    Wherefore, Plaintiff seeks judgment in his favor against the CRA Defendants, based on the following relief requested:

        (a)    Actual damages;

        (b)    Statutory damages;

        (c)    Punitive Damages;

        (d)    Costs and reasonable attorneys' fees; and

        (e)    Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMANDED

59.    Plaintiff demands trial by jury on all issues so triable.

        Respectfully submitted,

        **s/ Micah S. Adkins**

Micah S. Adkins (ASB-8639-I48A)
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120
Birmingham, AL  35205
Telephone:  205.747.1907
Facsimile:  205.930.9054
Email:      madkins@bhflegal.com


## PLAINTIFF WILL SERVE DEFENDANTS BY CERTIFIED MAIL AT:

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

CBC Innovis, Inc.
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Trans Union, LLC
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104